## Case No. 3,804.

### DENNISTOUN et al. v. DRAPER.

[5 Blatchf. 336.] [1]

Circuit Court, S. D. New York.    July 14, 1866.

REMOVAL OF CAUSES — RIGHT OF REMOVAL—HOW TESTED—MOTION TO REMAND—REPLEVIN—SALE OF PROPERTY.

1. Where the proceedings taken by a defendant, in a suit brought in a state court, to remove the suit into this court, under the provisions of the 3d section of the act of March 2, 1833 (4 Stat. 633), are in conformity with the act, the removal is imperative; and the question whether the defendant had in fact a right to remove the suit cannot be raised by a motion to this court, before the trial, to remand the suit to the state court.

[Cited in Murray v. Patrie, Case No. 9,967; Fisk v. Union Pac. R. Co., Id. 4,827; Chicago R. R. Co. v. Whitton, 13 Wall. (80 U. S.) 287. Distinguished in Galvin v. Boutwell, Case No. 5,207. Followed in Lands v. A Cargo of 227 Tons of Coal, 4 Fed. 479. Explained in Mackaye v. Mallory, 6 Fed. 750; Whelan v. New York, L. E. & W. R. Co., 35 Fed. 864.

2. Any question as to the jurisdiction of this court in the premises, based on the point of an alleged absence of right in the defendant to remove the suit, can be raised at the trial.

[Cited in Cushing v. Laird, Case No. 3,508; Jones v. Oceanic Steam Nav. Co., Id. 7,485; International Grain Ceiling Co. v. Dill, Id. 7,053; Eaton v. Calhoun, 15 Fed. 159. Explained in Mackaye v. Mallory, 6 Fed. 750.]

3. Property in custody, involved in a replevin suit removed into this court, ought to be sold, and the proceeds should be brought into this court and deposited, on interest, to abide the result of the suit.

This was an action of replevin, originally brought in the supreme court of New York to recover the possession of sundry bales of cotton. The defendant [Simeon Draper] removed the case into this court, and the plaintiffs [Alexander Dennistoun and others] now moved to quash the writ of certiorari issued by this court in the case, and to remand the case back to the state court.

Charles O'Conor, William M. Evarts, and Edwards Pierrepont, for plaintiffs.
Samuel G. Courtney, Dist. Atty., and Charles Eames, for defendant.

NELSON, Circuit Justice. The 3d section of the act of March 2, 1833 (4 Stat. 632), provides, that the jurisdiction of the circuit courts of the United States shall extend to all cases, in law and equity, arising under the revenue laws of the United States, &c.; and the 3d section provides, that, in any case where a suit shall be brought in a state court, against any officer, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority, or title, set up or claimed by such officer, or other person, under any such law of the United States, it shall be lawful for such defendant, at any time be-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

fore trial, upon a petition to the circuit court of the United States in and for the district in which he has been served with process, setting forth the nature of the suit, and verifying the petition by affidavit, together with a certificate of an attorney or counsellor, setting forth that, as counsel for the petitioner, he has examined the proceedings against him, and has carefully inquired into all the matters set forth in the petition, and that he believes the same to be true, which petition, &c., shall be presented to the said circuit court, &c., and shall be filed in the office of the clerk, and the cause shall thereupon be entered upon the docket of the court, and shall be thereafter proceeded in as a cause originally commenced in that court. The section then provides for the issuing of a writ of certiorari to the state court, requiring it to send to the circuit court the record and proceedings in the cause, and enacts, that, thereupon, it shall be the duty of the state court to stay all further proceedings in such cause, and the same shall be deemed and taken to be moved to the said circuit court, and any further proceedings, trial or judgment therein, in the state court, shall be wholly null and void.

The defendant in this action claims that he was an officer under the revenue laws of the United States, having been appointed by the secretary of the treasury in pursuance of law; and that he was in possession of the cotton, and held it as captured, abandoned and confiscable property, under legal authority, and especially under the acts of congress of August 6, 1861 (12 Stat. 319), March 12, 1863 (Id. 820), and July 2, 1864 (13 Stat. 375), and has taken the proper proceedings for the purpose of removing the said cause from the state to the circuit court under the said act of 1833, usually called the "Force Act." This motion has been made to remand the cause back to the state court, or to quash the proceedings in this court, on the ground that the defendant did not hold the cotton, at the time of the replevin suit in the state court, as an officer of the revenue laws, or as a person authorized to hold it under the same, but, on the contrary, held it wrongfully and in violation of the rights of the plaintiffs in the property, and that he was simply a tortfeasor. I agree, that, if the petition and affidavit, with the certificate of counsel, failed to bring the cause within the act of congress providing for the removal, it would be the duty of the court, on motion, to remand it; and such order has also not unfrequently been entered in cases where it appeared clearly, by the admission of the parties or otherwise, that they were not within the act of removal. But, in cases where the proceedings are in conformity with the act, removal is imperative, both upon the state and the circuit court; and, if the facts are seriously contested, it must be done in a formal manner, by pleadings and proofs, in the latter court.

The question of jurisdiction belongs to the federal court, and must be heard and determined there. The statute is peremptory, that "the cause shall thereupon be entered on the docket of said court, and shall be thereafter proceeded in as a cause originally commenced in that court," and "shall be deemed and taken to be moved to the said circuit court, and any further proceedings, trial or judgment therein, in the state court, shall be wholly null and void." It is true, that the plaintiff, after the removal of the cause into the circuit court, has no means, according to the course of proceeding in that court, to raise the question of jurisdiction upon the pleadings; and such disability, doubtless, furnishes some plausibility of reason for the hearing of the question upon motion. But this mode of prosecuting it, which must be upon affidavits, oftentimes conflicting and irreconcilable, is most unsatisfactory, and should not be entertained unless from unavoidable necessity, with a view to ascertain the appropriate tribunal to hear and determine the cause. I am of opinion that no such necessity exists in this case. On the contrary, the very circumstance that the plaintiffs can have no opportunity to present the question upon the pleadings, should and will enable them to avail themselves of the objection to the jurisdiction in any stage of the trial. If, when the evidence is closed, it shall appear that the cause is such as not to come within the cognizance of the court under the act of 1833, it will be its duty to instruct the jury that the court has no jurisdiction of the cause, and to remand it back to the state court. The case of Pollard v. Dwight, 4 Cranch [8 U. S.] 421, is an authority for this view. That was the case of a removal under the 12th section of the judiciary act [1 Stat. 79]. The objection was taken to the jurisdiction, on error to the circuit court, and Chief Justice Marshall, after overruling the objection, observed: "Were it otherwise, the duty of the circuit court would have been to remand the case to the state court in which it was instituted, and this court would be bound now to direct that proceeding." See. also, Diggs v. Wolcott, 4 Cranch [8 U. S.] 179.

In cases where original jurisdiction is conferred directly upon the circuit court, as in the 2d section of the act under consideration, in behalf of a person who has received an injury for an act done in protection of the revenue laws, the jurisdictional question, whether or not the act was done within the meaning of the statute, may be raised by a plea in abatement, or to the jurisdiction. It has been held that, as it respects the citizenship of the parties, as an ingredient of jurisdiction, advantage can be taken of the point only by the proper plea in abatement. D'Wolf v. Rabaud, 1 Pet. [26 U. S.] 476. Whether this principle is applicable to an objection founded upon every other jurisdictional fact, is a question which, so far as

I know, has not yet been decided. But the principle has no application to the case of original jurisdiction acquired indirectly by a removal from the state court to this court, as the defendant, then, is concerned, so far as the question of the removal is involved, to maintain the jurisdiction; and, as we have seen, the plaintiff, on the removal, has no opportunity, according to the practice of the court, to present the question upon the pleadings. Although the act gives to the person the right to sue in this court for an injury to his person or property, for an act done in protection of the revenue, it does not give the same right to the party claiming to have sustained an injury from such person; and hence the only judicial remedy is by a suit in the state court, subject to the indirect original jurisdiction of this court, in cases where it is given, by removal into it.

The cause, therefore, in question was properly instituted in the state court, leaving the only question for consideration, on this motion, as to the legal effect of the removal; and, as to that, I am of opinion, that, inasmuch as the act of congress has been fully complied with, it is not proper, if it be competent, for this court to determine, upon motion, the disputed jurisdictional facts involving the right or legality of the removal; and that, inasmuch as the question of jurisdiction involving them cannot be raised upon the pleadings, the proper place to hear and determine them is on the trial, where the plaintiffs will be at liberty to take advantage of the objection.

This case affords a very strong illustration of the impropriety, if not impossibility, of determining this question upon motion, where the jurisdictional facts are contested. The petition for removal places the right upon the ground that the suit is brought in the state court on account of acts done by the defendant under the revenue laws, or under color thereof, while acting as an officer, by virtue of the authority of the same. As is more fully developed in the papers, the defendant claims to hold the cotton as captured, abandoned, and confiscable property, under the acts of August 6, 1861, March 12, 1863, and July 2, 1864; and, in addition, it is suggested, that the cotton is confiscable as having been purchased for the purpose of running the blockade. The plaintiffs insist that the cotton, neither at the time it came into the possession of the defendant, nor at any time previously, fell within the provisions of either of these statutes, and that their (the plaintiffs') title to the same was complete and perfect at the time they were deprived of it. It is, also, further insisted, that they have been deprived of the possession without due process of law, and against the guarantees of the constitution; and that it is not competent for two of the departments of the government, the executive and the legislative combined, to confiscate the property of a citizen, without resort to the judicial department of the government. As will be readily seen, the case involves some of the gravest questions of fundamental law, and which are incidentally connected with the question of jurisdiction; and the facts upon which they arise should be presented in the most authentic form.

Having arrived at this conclusion, the case must be retained in this court, as the proper tribunal to hear and determine the question of jurisdiction; and, as it cannot be heard and determined except on the trial, a question arises as to the disposition of the cotton in the meantime, which is now in the hands of the sheriff. The act of 1833 provides, that "all attachments made, and all bail and other security given, upon such suit or prosecution, shall be and continue in like force and effect, as if the same suit or prosecution had proceeded to final judgment and execution in the state court." I do not doubt the authority of this court to deal with this cotton, so as to preserve the rights of all parties to the same during the litigation, and, if it should turn out, in the end, that this court had no jurisdiction, to remand the same, or its proceeds, with the cause, to the state court. If no disposition is made of the cotton by amicable adjustment, the subject may be brought before me by either party, on reasonable notice to the other. I would, however, respectfully suggest the propriety of a sale of the article under the direction of the court, the proceeds to be brought into the registry, to abide the result of the litigation. The practice of this court is, to direct such proceeds to be deposited with the United States Trust Company, of the city of New York, at such interest as may be agreed on, for the benefit of whom it may concern.