## Case No. 2,798.

### In re CLARK et al.

[4 Ben. 88; 3 N. B. R. 491 (Quarto, 123); 3 N. B. R. 524 (Quarto, 130); 1 Am. Law T. Rep. Bankr. 189.] [1]

District Court, S. D. New York. Feb., 1870.

PARTNERSHIP—STATE COURT RECEIVER—CONFLICT OF JURISDICTION.

1. B. & C. were partners. C. began a suit in a state court for a dissolution of the partnership and a settlement of the accounts, claiming that on such settlement a large amount would be due to him, and in that suit he procured the appointment of receivers, who took possession of the partnership property. On that ground proceedings in bankruptcy were taken against the firm, and it was adjudged bankrupt. An assignee was appointed and an assignment executed. The assignee applied to the bankruptcy court for an order directing the marshal to take from the possession of the receivers the property of the bankrupts in their possession, enjoining the receivers and the bankrupts from interfering with the property, and enjoining C. from the further prosecution of the suit in the state court; and for general relief. Held, that the amount claimed by C. in the suit in the state court would be individual property of C., which, under the 14th and 36th sections of the bankruptcy act [14 Stat. 523], passed to the assignee in bankruptcy to be applied to the payment of his separate debts.

2. That, therefore, the assignee would be allowed to prosecute the suit in the state court in his own name: that C. must execute the proper papers to enable him to do so; that C. must be enjoined from further prosecuting the suit in the state court; and that the bankrupts must be enjoined from interfering with the property in the possession of the receivers.

3. That a decision on the other prayers of the petition be suspended.

4. After the making of the above order, the assignee applied to the state court for an order declaring that, as the interests of both parties had vested in the assignee, the suit had abated. Pending that application to the state court, he applied again to the bankruptcy court for an order to the marshal to take the property from the possession of the receivers and enjoin them from interfering with it, or, if it should refuse this order, that it would direct him to make such application in the state court. Held, that, as the jurisdiction of the state court over the subject matter of the suit and over the parties, when it was instituted, and its power to appoint a receiver were not questioned, this court had no power to grant the relief asked; and that it was not necessary to make the order directing the assignee to apply to the state court.

[Cited in Hewett v. Norton, Case No. 6,-441.]

On the 19th of November, 1869, an action was commenced in the superior court of the city of New York, by the bankrupt [Abraham B.] Clark against the bankrupt [Abraham] Bininger. The complaint in that action,

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 3 N. B. R. 491 (Quarto, 123), contains only a partial report.]

the truth of which was deposed to by the plaintiff therein, set forth, that a copartnership which had existed between the parties to the action since the 1st of June, 1861, in the business of the importation and sale of liquors, &c., was dissolved on the 19th of November, 1869; that the said parties then owned certain real estate, and a large and valuable stock of goods, and had a large amount of debts due them, and a valuable good will; that the copartnership suspended payment on the 4th of November, 1869, owing to sundry specified wrongful acts of the defendant; that its assets amounted to $500,-000 or thereabouts, and its entire indebtedness did not exceed the sum of $200,000; that the defendant had, since such suspension, usurped the entire control and management of the business, to the exclusion of the plaintiff, and with a view to deprive him of his rights in the copartnership; that if the management and settlement of the business should be left to the defendant, the rights and interests of the plaintiff and of the creditors of the copartnership would be greatly jeoparded if not sacrificed; and that, on a final accounting between the parties to the action, a large sum would be found to be due to the plaintiff, after paying all just debts of the copartnership, over and above all advances or otherwise made by the defendant to the plaintiff or to the copartnership. The complainant demanded judgment, that the copartnership should be dissolved; that a receiver of the property, rights and good will of the copartnership should be appointed, with power to dispose of the same for the benefit of all parties entitled thereto; that the proceeds thereof, after the payment of all just debts of the copartnership and of the costs of the action, should be divided between the parties to the action, according to their respective rights; and that the defendant should be enjoined and restrained from interfering with the property, rights and good will of the copartnership. On the 19th of November, 1869, an order was made in said action appointing a receiver of the property and effects of said copartnership, who, on the same day, took possession, as such receiver, of certain goods, wares and merchandise, real estate, and other property of the said copartnership. Subsequently a co-receiver was appointed in the action, who entered into possession as such, with the original receiver, of the said property.

On the 11th of December, 1869, a petition in involuntary bankruptcy was filed in this court against Clark and Bininger, under which they were adjudged bankrupts. [See Case No. 1,420.] An assignee was appointed, and the usual assignment was made to him, and a warrant of seizure, according to Form No. 59, was issued to the marshal. The assignee now presented a petition to this court, setting forth that the said original receiver resisted the marshal in his endeavors to take possession of the copartnership estate of the

bankrupts; that the marshal had never become exclusively possessed of said estate; that most of the joint creditors of the bankrupts had proved their debts in these proceedings; and that the said assignee had notified the receivers of his appointment, and had requested them to deliver to him the said property in their possession. The petition claimed that the right, title, and interest of the bankrupts in the property which was the subject of controversy in the state court, had ceased, by means of the proceedings aforesaid, and had become vested in the assignee; that all the interests, claims, and remedies of creditors of the bankrupts against the said property had also ceased and become vested in the assignee; and that the only remedy and resort of the bankrupts, or of their creditors, against the said property, was in this court.

The prayer of the petition was (1), that this court would order the marshal to take from the possession of the receivers the joint estate and property of the bankrupts, now or heretofore in the possession of the receivers; (2), that this court would enjoin the receivers and the bankrupts from any further interfering with the said property, to the end that it might be brought within the jurisdiction of this court, so that this court might collect all the assets of the bankrupts and ascertain and liquidate the liens and other specific claims thereon, and adjust the various priorities and conflicting interests of all parties, and marshal and dispose of the different funds and assets, so as to secure the rights of all parties, and the due distribution of the assets among all the creditors, and that, thereupon, the proceedings on the petition might be further continued in this court, in order that any lien and claim of the receivers upon the property might be determined and provided for; (3), that the bankrupt Clark might be restrained and enjoined from further prosecuting his said action against the bankrupt Bininger, or applying for any order or decree therein, without the leave of this court; (4), that such further, or other, or different rule, or order, might be made as might be proper in the premises.

The receivers appeared and resisted the granting of the prayer of the petition, so far as it affected them. They claimed that their appointment was legal and valid; that their duty required them to hold and safely keep the said property; and that they had a lien upon the said property for their lawful fees and disbursements therein incurred. Clark also appeared in opposition to the application.

F. N. Bangs, for assignee.
R. A. Pryor and J. F. Morgan, for receivers.
M. Compton, for Clark.

BLATCHFORD, District Judge. It is apparent, from the frame of the complaint in the suit in the state court, that the reason for bringing it was, that a large sum would, on a final accounting between Clark and Bininger, be found due to Clark, after paying the debts of the copartnership, over and above all advances or otherwise made by Bininger to Clark, or to the copartnership, and that the conduct of Bininger had been such towards Clark, and in the management of the business of the copartnership, before and after its suspension, that, if the management and settlement of such business were to be left to Bininger, the rights and interests of Clark and of the creditors of the copartnership would be put in peril. Hence the prayer for a receiver, for a judicial winding up of the the affairs of the copartnership, and for an injunction against Bininger. On the facts stated, and with a net surplus of assets amounting to $300,000, after paying the debts of the copartnership, it is apparent that a large individual property would remain, to go to Clark. By virtue of the 14th and 36th sections of the bankruptcy act, this individual property of Clark's passed to the assignee in bankruptcy, to be applied, if necessary, to the payment of his separate debts. By the 14th section it is specially provided, that all rights in equity of the bankrupt, and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person, arising from contract, with the like right, title, power, and authority to sue for and recover the same, as the bankrupt might or could have had, if no assignment had been made, shall, in virtue of the adjudication of bankuptcy and the appointment of his assignee, be at once vested in such assignee. Under this provision, all the rights and rights of action which Clark is seeking to enforce in the suit brought by him, have passed out of Clark and are vested in the assignee in bankruptcy. The 14th section also provides, that the assignee may sue for and recover such estate, and may prosecute and defend all suits at law or in equity, pending at the time of the adjudication of bankruptcy, in which the bankrupt is a party, in his own name, in the same manner, and with the like effect, as they might have been prosecuted or defended by such bankrupt. The 16th section provides, that if, at the time of the commencement of proceedings in bankruptcy, an action is pending, in the name of the debtor, for the recovery of a debt or other thing, which might or ought to pass to the assignee by the assignment, the assignee shall, if he requires it, be admitted to prosecute the action in his own name, in like manner, and with like effect, as if it had been originally commenced by him. These provisions of the 14th and 16th sections include suits and actions pending in the state courts, and are addressed to the courts in which such suits or actions are pending, quite as much as to the federal courts. The 26th section provides, that the bankrupt shall, at all times, until his dis-

charge, be subject to the order of the bankruptcy court, and shall, at the expense of the estate, execute all proper writings and instruments, and do and perform all acts required by the court touching the assigned property or estate, and to enable the assignee to demand, recover, and receive all the property and estate assigned, wherever situated, and that, for neglect or refusal to obey any order of the court, such bankrupt may be committed and punished as for a contempt of court.

As all the rights of action which Clark is seeking to enforce in the suit pending in the state court, are now vested in the assignee in bankruptcy, it is proper that such assignee should be allowed to prosecute such action in his own name, and that this court should require Clark to execute all such writings, and do all such acts, as will enable such assignee so to prosecute such action. To that end, an order will be entered, that Clark execute and deliver to the assignee the proper papers to enable the assignee to be admitted to prosecute such action in his own name, in the same manner, and with the like effect, as it might have been prosecuted by Clark, and that Clark himself refrain from further prosecuting said action, or applying for any order or decree therein, without the leave of this court. The bankrupts must be enjoined from interfering with the property of which the receivers have possession.

This relief, of turning over to the assignee the prosecution of the action brought by Clark in the state court, though not specifically prayed for in the petition, was asked for by the assignee, on the hearing on the petition, under the prayer for general relief, and as a corollary to the prayer for an injunction restraining Clark from further prosecuting such action. As it is quite probable that, if the assignee be substituted as plaintiff in the action, it may be desirable that the possession of the receivers should not be disturbed until such substitution shall take place, a decision on the other matters involved in the prayer of the petition is suspended for the present.

After the making, on the 17th of February, of the order above granted, the assignee applied to the state court for an order adjudging that, as the former interests of both of the parties to the action in that court in the property in controversy therein had become, by the bankruptcy act, vested in the assignee in bankruptcy, such action had abated for want of proper parties to prosecute or defend the same, and that such assignee was entitled to the property in controversy in the cause, subject to any lawful right or claim of the receivers, for the purpose of disposing of the same pursuant to the bankruptcy act, and directing a discontinuance of such action, and a dismissal of the complaint therein. The question of the granting of such order by the state court was still pending unheard, when the assignee renewed his application to this court for an order to the marshal to take the property in question from the possession of the receivers, and to enjoin the receivers from any further interfering therewith. This application was founded on the petition before presented, and on an affidavit made by the assignee on the 23d of February, in which he set forth that he was unwilling to make any further application to the state court, lest he might expose himself to censure and punishment from said court; that he believed that if this court had jurisdiction to take from the receivers the possession of the property in controversy, there was a great necessity for the exercise of such jurisdiction, and he prayed that it might be exercised; that the claims of the receivers for compensation and fees were extravagant, and far beyond what the law allowed; that while he did not apprehend that the state court would make any allowance beyond what the law authorized, yet he believed that the receivers would persist in their extravagant demands, and that, by reason of the appeals which are permissible in the state courts, a very great length of time must necessarily elapse, in case an attempt was made to adjust such fees in the state court; and that so long as the receivers were permitted to retain the property as security for a lien which did not exceed five per cent. of its actual value, sales were prevented, expenses were accruing, and waste was committed. The affidavit concluded with the prayer that if this court decided that it had no jurisdiction or power to take the property from the custody of the receivers, and put it into the custody of the assignee, to the end that, without prejudice to the lien and claim of the receivers, it might be converted into money, this court would direct the assignee to apply to the state court, so that he might be acting in that court upon the order and responsibility of this court, and might not seem voluntarily to have gone out of or waived any reliance upon the jurisdiction of this court.

F. N. Bangs, for assignee.
J. F. Morgan, for receivers.

BLATCHFORD, District Judge. The petition of the assignee, on which this application is founded, and which makes the bankrupts and the receivers parties thereto, is not founded upon any allegation that the transfer of property effected by the proceedings in the state court, was void under the 35th or the 39th section of the bankruptcy act, nor does it pray that such transfer may be adjudged void and set aside. On the contrary, it sets forth, on its face, that prior to the commencement of the proceedings in bankruptcy, the action in the state court was brought, and one of the two receivers was appointed by that court, and such receiver had taken possession of

the property in question. The property is still in his possession and in that of his co-receiver, and the application to this court is, that, under these circumstances, this court will summarily declare such property to have so been the property of the bankrupts at the time of the commencement of the proceedings in bankruptcy, and to have so passed to the assignee by the assignment in bankruptcy to him, as to warrant this court in directing the marshal to forcibly dispossess the receivers, and take the property and put it into the hands of the assignee. The jurisdiction of the state court over the subject-matter of the suit therein, and over the parties thereto, when it was instituted and the receiver was appointed, and its jurisdiction to appoint such receiver, are in no manner impeached or questioned. It is only claimed, that, by reason of subsequently transpiring events, this court shall decide that the state court ought to, and shall be made, by compulsion from this court, to give up possession of the property, without its being shown that such possession of the property by the state court can be properly adjudged by this court to be void or invalid, by reason of provisions of the bankruptcy act.

It would seem to be only necessary to state these propositions, to reach the conclusion that this court cannot grant the particular relief asked. The questions involved were considered by this court in the case of In re Vogel [Case No. 16,982]. When property is lawfully placed in the custody of a receiver by the court which appoints such receiver, it is in the custody, and under the protection and control, of such court, for the time being, and no other court has a right to interfere with such possession, unless it be some court which has a direct supervisory control over the court whose process has first taken possession, or some superior jurisdiction in the premises. Peck v. Jenness, 7 How. [48 U. S.] 612, 625; Williams v. Benedict, 8 How. [49 U. S.] 107, 112; Wiswall v. Sampson, 14 How. [55 U. S.] 52, 66; Peale v. Phipps, Id. 368, 374; Taylor v. Carryl, 20 How. [61 U. S.] 583, 594-597; Freeman v. Howe, 24 How. [65 U. S.] 450; Buck v. Colbath, 3 Wall. [70 U. S.] 334. In the present posture of this case, it does not appear that this court has such superior jurisdiction in the premises, or such supervisory control over the state court, in respect to the property in question, as to authorize it to take away from the state court the possession of such property, or to enjoin the receivers from further interfering with such property. This court will always be sedulous to enforce its just powers, but it will not demand from any other tribunal anything which it would not itself be willing to concede under like circumstances. In the case referred to, of In re Vogel, it compelled the restitution to an assignee in bankruptcy of property which

had been taken away by process of a state court, from the custody of this court, and its decision was affirmed by the circuit court on review. The principle on which such restitution was enforced would authorize the state court, in the present case, to compel restitution to its receivers of such property as this court should take away, by force, from the custody of such state court, and this court might then retaliate, and the confusion and endless strife would ensue which are so forcibly characterized by the supreme court, in the opinion delivered in the case of Buck v. Colbath, before cited.

In respect to the application made at the conclusion of the assignee's affidavit, that this court will direct him to apply to the state court, so that he may be acting in that court on the order and responsibility of this court, and may not seem voluntarily to have gone out of, or waived any reliance upon, the jurisdiction of this court—inasmuch as he has asked and obtained from this court an order providing him with the means of being admitted to prosecute, in his own name, the action in the state court, and enjoining the bankrupt Clark from opposing his application to the state court in the premises, and giving him leave to apply to the state court for such order in the action as he should be advised to apply for, and inasmuch as he has applied to the state court for the granting of the order, before mentioned, discontinuing the action in that court, and dismissing the complaint therein, it seems hardly necessary that this court should direct him to apply to the state court.

The applications are, therefore, denied.