Nelson, J.
A bill was filed in this case in the supreme court of the State by the complainant, against the Union Pacific Railroad Company, the Credit Mobilier of America, a corporation of Pennsylvania, and twenty-two other persons. It was filed the forepart of July, 1868; the precise date is not given, nor is the time when it was served upon the respective defendants. On August 3, following, six of the defendants, the Union Pacific Railroad Company, John J. Cisco, William H. Macy, Charles A. Lambard, Sidney Dillon and Thomas C. Durant, presented a petition to the court to remove the cause to the circuit court of the United States for the southern district of Hew York, under an act of Congress passed July 27, 1868. The act provides that any corporation, or any member thereof, other than a banking corporation, organized under a law of the United States, and against which a *459 suit at law or in equity has been, or may be, commenced, in any court other than a circuit or district court of the United States, for any liability or alleged liability of such corporation, or any member thereof, as such member, may have such suit removed from the court in which it may be pending, to the proper circuit or district court of the United States, upon filing a petition therefor, verified by oath, either before or after issue joined, stating that they have a defense arising under or by virtue of the constitution of the United States, or any treaty or law of the United States, and offering good and sufficient surety for entering in such court on the first day of its session, copies of all process, proceedings, &c., and doing such other appropriate acts as are required to be done by an act of Congress, passed July 27, 1866; and it shall be, thereupon, the duty of the court to accept the surety, and proceed no further in the suit, and the said copies being so entered as aforesaid in such court (of the United States), the suit shall then proceed in the same manner as if it had been brought there by original process, &c. The petition presented to the supreme court of the State conformed in all respects, substantially, to the provisions of the act.
Some question has been made on the part of the learned counsel for the complainant whether the suit is brought against the defendants for a liability or an alleged liability of the Union Pacific Railroad Company, or of any of its members as such; and a critical examination of the bill of complaint, it is claimed, will show that not to be the fact. Our examination of it has led to a different conclusion. If it had been otherwise, however, we are of opinion it would not have deprived the defendants of the benefit of the act, that is, if it had not appeared affirmatively on the face of the bill that the suit was against them for such liability. The defendants have averred in their petition *460 that the suit had been brought against them for such cause of action, and, if a question is to be made upon this allegation, it must be settled at the trial and not on affidavits. Section 3 of the act of March 2,1833 (4 U. S. Stat. at L., 638), provides that in any case where a suit should be brought in a State court against an officer of the United States, or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, &c., it shall be lawful for the defendant, at any time before trial, upon a petition to the circuit court of the United States, setting forth the nature of the suit, and verifying the petition, &c., to have the cause entered on the docket of said court. This act, like the one before us, has a limitation upon the privilege of removal; the suit must be against a person for or on account of an act done under the revenue laws of the government, or under color thereof, &c. It cannot be doubted, however, that if no such fact appeared in the declaration, but it was simply for an assault and battery, he could remove the cause by setting forth in his petition that the suit was for the cause stated in the act. Otherwise, the statute could always be evaded by the pleader. We had occasion to examine this third section at large, in Dennistoun v. Draper (5 Blatchf., 336, 341), and refer to the case for our views in respect to its provisions.
The only question, in this case, arising out of the act of July 27, 1868, that involves any difficulty, is that in respect to the parties claiming the right to a removal. Are all of them obliged to join in the petition, or may they not apply for it as they are served with process, or otherwise brought into court ?■ In our judgment, they need not all join at the time of presenting the petition, but each, or as many as may see fit, may, without waiting, present the petition, and otherwise comply with the requirements of the act. We perceive no well-grounded objection to this practice, *461 but, on the contrary, it may be attended with convenience, and can work no prejudice to either party. The learned counsel for the plaintiff seems to suppose that the solicitor is entitled to notice of the time and place of presenting the petition. But this is an error. The act prescribes no such practice, and it is otherwise under all the previous statutes providing for removals.
No affidavits can be read before the state court in opposition. The application on this petition, is ex parte, and depends upon the papers upon which it is founded, and if they are regular, and conform to the requirements of the statute, the court has no discretion —the act is peremptory.
We are also of opinion that when one or more of the defendants have presented a petition, and conformed in all respects to the act, and thus initiated the removal, that it is not competent for the State court, to take any proceedings in the cause, other than to perfect the removal as other party defendants may appear and present their petitions.
There may, as in the present case, be numerous defendants, and considerable intervals of time between the service of the process, and where it would be expedient that each should be at liberty to take the necessary steps to remove the cause, so far as he was concerned, and in the mean time it would be unfit, and might be a useless waste of time and expense to all parties concerned, to proceed in the litigation until the question of jurisdiction was determined. We agree with the ideas of the counsel for the defendants, that the fact that questions may arise in the course of the litigation besides those under the acts of Congress, and which depend upon general principles of law, cannot withdraw the cause from the jurisdiction of the Federal courts. This principle was settled in Osborn v. Bank of the United States, and has been recognized as *462 the settled law of the court ever since. Nothing can be added to the conclusiveness of the reasoning of Chief Justice Maeshall upon the point in that case. He observes': “If this were sufficient to withdraw a case from the jurisdiction of the Federal courts, almost every case, although involving the construction of a law, would be withdrawn, and a clause in the constitution relating to a subject of vital importance to the government, and expressed in the most comprehensive terms, would be construed to mean almost nothing. There is scarcely a case every part of which depends on the constitution, laws or treaties of the United States” (9 Wheat., 738).
For the same reason, we are of opinion that the joining of defendants in a suit, not within the limitation as prescribed by the act. with those who are, cannot be permitted to withdraw the cause from the jurisdiction of the Federal courts. If this were permitted, the privilege extended to the parties setting up a right under the constitution and laws of the United States would in most if not in every instance be defeated. Indeed, if any such principle could be admitted, most of these acts of removal depending principally upon the subject matter, and intended to secure the interpretation of the constitution and laws of the United States, at the original hearing, to its own judiciary, would be futile and worthless.
The act of 1833, which provided for the removal of suits against an officer of the United States, or other person, for acts done under the revenue laws, could be readily evaded by joining one or more persons with Mm not acting in that capacity. If these outside parties are deemed material, or are really material, to a complete remedy in behalf of the plaintiff, they must be regarded as subordinate, and incidental to the principal litigation in respect to which the act of Congress has interposed the remedy of removal. In this way the *463 right of the parties to have their defense under the constitution or laws of the United States tried in the Federal courts is secured, and, at the same time, the remedy of the plaintiff is unimpaired.
It appears from the papers before me, that a second petition was presented in the State court by all the defendants, not included in the first, on March 27, 1869, and tlie proper order entered for the removal. There appears to have been a full compliance with the terms of the act. It is objected that the judge before whom the petition was presented was not sitting in court, but at chambers, when the papers were presented and the order of removal made. But the affidavits before me show that the proceedings took place before the supreme court. It also appears that the order, duly certified by the clerk of the court, was produced before Judge Blatohford, on the return of the alternative mandamus, by the counsel for the defendants in that proceeding, as an answer why the peremptory writ should not issue, as showing that the cause was already in the circuit court, and, therefore, the writ would be useless.
The clerk will enter an order in conformity with this opinion, if Judge Blatohford concurs in the result; and will, also, enter an order, on the motion of the defendants before me, to dissolve the injunction of July 17, 1868, granted by the State court.