JUNE TERM, 1873. 127

State ex rel. Hodson vs. Circuit Judge, etc.

STATE ex rel. HODSON VS. CIRCUIT JUDGE, etc.

JURISDICTION. *Federal and state courts.— Removal of cause by certiorari.—
Act of Congress of March 2*, 1833.

1. A writ of *certiorari* from the circuit court of the United States for the
western district of Wisconsin, filed with the clerk of the circuit
court for Rock county, in this state, states that a certain action (which
is one of *ejectment*), commenced in said Rock circuit court, is for
and on account of certain rights, authority and title set up and
claimed by a collector of internal revenue (naming him), in and for
the second district of Wisconsin, under the provisions of the revenue
laws of the United States, and for and on account of the rights, title
and authority set up and claimed by the defendants in such suit,
under such revenue laws of the United States; and it commands that
the records and proceedings be certified and removed to said circuit
court of the United States. *Held*, that under the act of congress of
March 2, 1833, the Rock circuit court, on the filing of this writ,
properly stayed all proceedings in the action.
2. The filing of such writ in the Rock circuit court being shown by this
judge thereof, in his return to an alternative *mandamus* from the
court, he will not be required by peremptory *mandamus* to proceed
with the trial of said action of ejectment.
3. The fact that under said act of congress the *certiorari* from the U. S.
court is issued on an *ex parte* application, without any judicial deter-
mination that the cause is one which comes within the statute, does
not make it the duty of the state court to proceed and try the cause so
as to determine that question.

APPLICATION for a *Mandamus*.

The case will sufficiently appear from the opinion.

*I. C. Sloan*, for the relator, contended that, conceding that the
act of congress under which it is sought to remove the cause
here in question from the state court is valid, still it is the right
and duty of the state court to decide whether its jurisdiction
has been lost, i. e., whether the cause falls within the act, so
that it is lawfully removed; and this is so, although the fed-
eral courts have the power to decide that question finally.
The act simply provides that any further proceeding in the

state court shall be void.   The proceeding is wholly *ex parte*. The defendant makes his petition ; his attorney certifies that he believes the matters therein set forth to be true ; and on filing the petition and certificate in vacation, the clerk of the federal court issues the writ.   So far there has been no judicial determination that the case is within the act of congress. In *Wood v. Matthews*, 23 Vt., 735, the United States circuit court refused to determine on motion whether the case was properly removed, holding that that question would be decided only " on trial of the merits in the usual course of proceedings."   If that course is to be pursued by the federal court to determine whether it has gained jurisdiction, then the same course is to be pursued by the state court to determine whether it has *lost* jurisdiction.   It is the right of the suitor to have his action proceed in the regular course of judicial proceedings until the court shall determine that it has lost jurisdiction, and shall dismiss it for that reason.   From such an order or judgment an appeal will lie.   But a simple refusal to proceed is a violation of our constitution, which provides that citizens of this state shall have justice " promptly and without delay." It seems obviously to have been intended that a party who sought to remove a cause under this act of congress should take the *risk* of proceeding to do so.   If it is a case within the act, the judgment of the state court would simply be void. This seems to have been the view taken by the court in *Bell v. Dix*, 49 N. Y., 238, where they say :   " If the plaintiff persists in proceeding in the state court, the defendant should apply to the federal court for the proper mandate staying the proceedings in the state court."

If the state court should refuse to allow the plaintiff in this action to proceed, simply because the defendant and the clerk of the federal court have taken these *ex parte* proceedings, this would seem to be an abdication of the power and functions of a court.

*J. C. McKenney*, U. S. District Attorney, argued that the

question whether the action was a proper one to be removed, under the act of 1833, is to be determined by the circuit court of the United States, from which the writ issued, by motion or upon the trial. 2 Abb. U. S. Pr., 43 ; 5 Blatchf., 336–338 ; 2 id., 370. As to the constitutionality of the act, he cited 6 Am. Law Reg., 552; *Whiton v. Railway Co.*, '25 Wis., 434; *Moseley v. Chamberlain*, 18 id., 700.

COLE, J.. This was an alternative writ of *mandamus*, issued out of this court and directed to the circuit judge of Rock county, commanding him to proceed with the trial of a certain action of ejectment pending in the circuit court of Rock county — which action is mentioned in said writ, — or that he return his reasons for refusing and declining to try said cause. The circuit judge has made return that he refused to take any action in, or permit the plaintiff to proceed with, the trial of the cause, for the reason that a writ of *certiorari*, issued out of the circuit court of the United States for the western district of Wisconsin, had been served and filed with the clerk of his court; a copy of which writ of *certiorari* is annexed to and made a part of the return.

The counsel for the relator now moves for a peremptory writ on the return made by the circuit judge. We think the motion for the peremptory writ must be denied, for the reason that the matters stated in the writ of *certiorari* afford a sufficient ground or excuse for the refusal of the respondent to allow the relator to proceed with the trial of the ejectment suit pending or commenced in the circuit court of Rock county.

The writ of *certiorari* sets forth and states that this action of ejectment, which was commenced in the circuit court of Rock county, is for and on account of certain rights, authority and title set up and claimed by Henry M. Lewis, collector of internal revenue in and for the second district of Wisconsin, under the provisions of the internal revenue laws of the United States, and for and on account of the right, title and authority

set up and claimed by the defendants in such suit under such revenue laws of the United States; and commands that the records and proceedings be certified and removed into the circuit court of the United States. This proceeding to remove the cause from the state court to the circuit court of the United States was taken under the provisions of the act of congress of March 2, 1833 (1 Brightly's Digest, p. 129), which in substance enacts that in any case where a suit shall be commenced in a court of any state against any officer of the United States or other person, for or on account of any act done under the revenue laws of the United States, or under color thereof, or for or on account of any right, authority or title set up or claimed by such officer or other person under any such law of the United States, it shall be lawful for the defendant in such suit, at any time before trial, upon a petition to the circuit court of the United States in and for the district in which the defendant shall have been served with process, setting forth the nature of said suit and verifying the petition by affidavit, together with a certificate signed by an attorney or counselor at law of some court of record of the state in which such suit shall have been commenced, setting forth that as attorney or counselor for the petitioner he has examined the proceedings and has carefully inquired into all the matters set forth in the petition and believes the same to be true; which petition, affidavit and certificate shall be presented to the circuit court, if in session, and if not, to the clerk thereof at his office, and shall be filed in said office, and the cause shall thereupon be entered on the docket of said court, and shall thereafter be proceeded in as a cause originally commenced in that court; and it shall be the duty of the clerk of said court, if the suit were commenced in the court below by summons, to issue a writ of *certiorari* to the state court, requiring said court to send to the circuit court the record and proceedings in the cause; and thereupon it shall be the duty of the state court to stay all further proceedings in such cause, and the suit, upon the delivery of the process to the

clerk of the state court, shall be deemed and taken to be moved to the circuit court, and any further proceedings, trial or judgment therein in the state court shall be wholly null and void."

Now the counsel for the relator does not question the validity of this enactment, nor does he claim that the proceedings taken to remove the cause to the circuit court of the United States were not regular and in compliance with its provisions. But he insists that it was the duty of the state court to proceed with the cause and try the same on the merits, and thus determine by a judicial investigation whether the suit was one falling within the class named in the act of congress or not. If on such trial it was ascertained that the cause was one embraced within the act, then it is conceded that the state court would have lost jurisdiction by the steps taken to remove it, and that all of its proceedings would be *coram non judice.* There is undeniably some difficulty, and frequently no little hardship, growing out of the operation of the laws of congress which provide for the removal of a class of causes from the jurisdiction of the state courts to the federal courts. Whether this difficulty and embarrassment are not inherent in our form of government, and do not grow out of the necessity which seems to exist to render one system of tribunals, which for most purposes is independent and distinct in its constitution and action, subordinate as to these causes to a foreign jurisdiction, are questions we are not called upon to examine. The law of congress under which it is sought to remove this cause, is founded upon the theory that any case arising under the revenue laws of the United States may be removed at the instance of the defendant from the state to the federal tribunals. And when the prescribed steps have been taken by the defendant to remove the cause, the act provides that it shall be the duty of the state court to stay all further proceedings therein, and any trial or judgment in the state court thereafter had is null and void. Now, in this condition of the statutory law on the subject, it seems strange that it is still the duty of the state court

to proceed and try the cause upon the merits, especially when it plainly appears upon the face of the writ of *certiorari* sent to it from the circuit court of the United States, that the cause is one involving a right and title claimed by the defendant under the revenue laws of the United States, and consequently within the act providing for a removal. But it is said that as the act provides that the writ of *certiorari* may issue *ex parte* on the presentation of the requisite petition, affidavit and certificate to the circuit court, if in session, and if not to the clerk thereof at his office, there is no judicial determination of the fact that the case is one within the statute, and therefore that the state court must proceed and determine that fact by the trial of the cause. We do not, however, think that this would be in accordance with the intent of the act of congress. The writ of *certiorari* stated and set forth that the cause was one within the act, and the state court might properly assume that this recital in the writ was in accordance with the fact, and that it had no jurisdiction to take further proceedings therein. And even if the state court should proceed and try the cause, its proceedings would settle nothing so far as the circuit court of the United States was concerned. For when the writ is delivered to the clerk of the state court, it is expressly made the duty of that court to stay all further proceedings therein, and the suit is deemed and taken to be moved to the federal court. The plain assumption of the act is, that thereupon the state court no longer has jurisdiction of the cause, but that it has been transferred to the circuit court of the United States, which is the appropriate tribunal to hear and determine the same. If upon judicial investigation in that court it is found that the cause is one not within the act providing for removal, it will be remanded to the state court in which it was instituted. *Pollard v. Dwight*, 4 Cranch, 421; *Dennison v. Draper*, 5 Blatchf., 336; *Wood v. Matthews*, 2 id., 370. But it seems to us it would be anomalous to have the suit proceeding in both the state and federal court at the same time to trial and judgment. And it

is very manifest that such was not the intention of the act of congress authorizing the removal.

For these reasons the motion for a peremptory writ must be denied.

*By the Court.*—Motion denied.