### LANDS v. A CARGO OF 227 TONS OF COAL.

*(District Court, D. New Jersey.   November 9, 1880.)*

1. ADMIRALTY JURISDICTION—MOTION.—A court of admiralty will ordinarily refuse to decide a jurisdictional question upon a mere motion.
    *Cushing* v. *Laird*, 4 Ben. 88.
    *Dennistoun* v. *Draper*, 5 Blatchf. 336.
    *The Othello*, 1 Ben. 43.

2. MONITION—INSUFFICIENT DESCRIPTION.—An objection that the monition did not sufficiently describe the property to be attached, is insufficient, where the marshal has not been thereby misled, and attached the wrong property.

3. ADMIRALTY JURISDICTION—MARITIME CONTRACTS.—Courts of admiralty have jurisdiction of all maritime contracts.
    *Steam-boat* v. *Phœbus*, 11 Pet. 175.

4. MARITIME CONTRACT—CONTRACT OF AFFREIGHTMENT.—A contract for the transportation of freight or merchandise upon navigable waters is maritime in its character.
    *Canal-boat Walsh*, 5 Ben. 73.

5. NAVIGABLE WATERS—JUDICIAL NOTICE.—The court will take judicial notice in such case that the waters on which the contract was performed were navigable, without any allegation of the fact in the libel.
    *The Apollon*, 9 Wheat. 374.
    *The Steam-boat Jefferson*, 10 Wheat. 428.
    *Peyroux* v. *Howard*, 7 Pet. 342.

Libel *in Rem*.

*J. A. Hyland*, for libellant.

*R. Wayne Parker*, for claimant.

NIXON, D. J. This is a proceeding *in rem* against a cargo of 227 tons of coal, to recover for freight in transporting it in the libellant's boat, the E. N. Brooke, from Elizabethport to Newark, in this state, and for demurrage for the detention of the vessel in discharging the cargo. On the return of the monition the respondents filed two exceptions: (1) That the libel did not disclose a case of which the court had jurisdiction; (2) that the monitions did not sufficiently describe the property to be attached.

It is an answer to both to say that, with regard to the first exception, a jurisdictional question is raised, which a court of admiralty requires to be presented by the pleadings and proofs, and ordinarily refuses to decide upon a mere motion, (see *Cushing* v. *Laird*, 4 Ben. 88; *Dennistoun* v. *Draper*, 5 Blatchf. 336; *The Othello*, 1 Ben. 43;) and, with regard to the second, there is no pretence that the marshal has been misled, and attached the wrong property for lack of a more definite description. The advocate of the libellant has filed with his brief the affidavit of the libellant that the boat performing the service, for which the freight is alleged to be due, is a foreign vessel—both the vessel and the owner belonging to the port of New York. If he deem the fact a material one in the case, he has leave to amend his libel in this respect.

It is conceded that the jurisdiction of courts of admiralty in matters of contract is confined to those that are maritime, but it embraces all such, (*Steam-boat* v. *Phœbus*, 11 Pet. 175;) and a contract for the transportation of freight or merchandise upon navigable waters has always been reckoned maritime in its character. *Canal-boat Walsh*, 5 Ben. 73.

The libel sets forth a contract of affreightment, the performance of the service, and claims a lien upon the cargo for the freight due. Whether the lien exists or not will depend upon the proofs, and cannot be determined on exceptions to the libel. The court will take judicial notice that the waters on which the contract was performed were navigable, without any allegation of the fact in the libel. *The Apollon*, 9 Wheat. 374; *The Steam-boat Jefferson*, 10 Wheat. 428; *Peyroux* v. *Howard*, 7 Pet. 342.

The exceptions must be overruled, and the respondents having answered let an order be entered referring this case to the commissioner for proofs.