Lane, C. J.
Much industry and learning have been devoted to the investigation of the various questions arising in this case, and the time probably will come, which will render their examination necessary. But in an action of ejectment, regarding legal titles only, it will not be required to enter upon this widely extended field. For the charity may subsist, and cling to the land, whether the legal title be held by the trustees or the heir; or the charity may be void and unsustainable, and the beneficial trust inure to the heir, while the trustees retain a good estate at law. The questions therefore raised in argument lie behind that which is presented in the case. We are now only called to consider if the freehold passed by the will, leaving all questions relating to the trusts to be decided in the only proper tribunal.
If an estate be conveyed to a grantee, .capable of taking, upon trusts, the question of the validity of the trusts will not be entertained in a court of law. The land passes. If the trusts can be supported, they will be enforced in chancery, at the suit of .the cestui que trust; if the trusts are void, they may be declared void by the same court, and the beneficial use of the estate reclaimed by the heir.
In this case the land was devised to Fisher, Shaw, and Allen— a lawful conveyance, with lawful parties and apt words. It transmitted a title of some nature, upon trusts.
The extent of the estate thus created is next to be considered. The testator did not intend to give the trustees an *estate in [4 fee, and the statute of 1834 does not operate. 32 Ohio L. 41. He gives the land to them and their successors. This limitation over to their successors is void; for the law does not permit the transmission of an estate to successors, except in a grant to a corporation. The estate in the trustees is for life only, and there is no provision for the continuance of the title at law beyond *5 them; after their death, it descended to his heirs, charged or not charged with the trust, as may be hereafter determined.
Two of the trustees are living and one is deceased. The two hold two-thirds of the estate, by virtue of the plain words of the will, and it remains to be considered, whether the heir may, in this suit, recover the estate held by the deceased trustee.
The testator’s words are to “Fisher, Allen, and Shaw,” to the survivors or survivor, to hold as joint tenants, and not as “tenants in common.” It is urged that where an estate is limited in joint tenancy, by express words, the common law incident of survivorship attaches, and that in this case, on the death of Shaw, his share is held by his co-tenants, as long as they hold their own. But it has long since been adjudicated that the estate of joint tenancy, as distinguished from a tenancy in common, has no existence in Ohio. 2 Ohio, 306. Consequently this doctrine of survivorship can not be used to protect this part of the title.
Yet the testator intended to give the land to the survivor of the trustees, and every conveyance should be construed to carry the intention of the maker into effect, if made consonant with the principles and forms of law. Laying out of view the doctrine of survivorship, resulting from joint tenancy, an incident of the estate depending upon the law, and not on the act of the party, we find the testator, by express words, limiting the estate to the three trustees and the survivor. The estate well passes, by these words, to the survivor, for life. The remainder in fee is not dis-5] posed of. The ^freehold is given to each trustee for life, and the remainder of the estate for life is given to the other trustees, and the remainder in fee descends to the heir. Such is the legal effect of the donation; and during the lives of the original trustees, or that of the survivor, the heir is precluded from recovering the possession of the estate, by virtue of his legal title.
Without any reference, therefore, to the trusts which attend the estate, the defendants are entitled to judgment.
Judgment for the defendants.