Brinkerhoff, J.
On the 17th of March, 1855, the plaintiff in error, Allen, brought his action, under the code of civil procedure, in the common pleas of Cuyahoga county, against the individuals composing the firm of Hubby, Hughes & Co., residing in Cuyahoga county, and the individuals com *375 posing the firm of Tomlinson & Co., of whom the defendant, Miller, was one, none of whom resided or were found in Cuyahoga county. Process of summons was issued to the sheriff of Cuyahoga county, and also to the sheriff of Hamilton county. Service was had upon the members of the firm of Hubby, Hughes & Co., in Cuyahoga, and upon the defendant Miller alone in Hamilton county.
The cause of action set forth in the petition was an account of upward of $2400,00 alleged to be due from Tomlinson & Co. to Hubby, Hughes & Co., and which, on the 27th of 'February preceding, had been assigned by Hubby, Hughes & Co., to the plaintiff, as collateral security for a debt due from Hubby, Hughes & Co. to the plaintiff.
On the 17th of May, 1855, Miller answered, taking issue on the alleged indebtedness of his firm to Hubby, Hughes & Co., and adding the following allegation : “ He further claims that neither he, nor the said B. F. Conway, L. E. Tomlinson” (his partners), “nor either of the defendants in this cause, reside, and never have resided, within the county of Cuyahoga ; wherefore he insists this court has no jurisdiction of the case and the parties, and claims judgment against the plaintiff for costs of suit.”
At the November term following, Hubby, Hughes & Co., being in default, Miller moved the court for a dismissal of the cause as to him, for want of jurisdiction of the court over him, as set forth in his answer — and, “ it being admitted by the plaintiff that none of the defendants in this case, except said Hubby, Hughes and Lester” (Hubby, Hughes & Co.), “ are residents, or were served with process in this case in this county, and said court being of opinion that it has no jurisdiction in this case over the said Miller, this cause is dismissed as to him, and thereupon, the plaintiff failing further to appear and prosecute the same, this case is dismissed at plaintiff’s costs, and without prejudice.”
This is the case as it appears of record; and to reverse the order of dismissal as to Miller, the plaintiff filed his petition in error in the district court of Cuyahoga county, and the same was reserved for decision here.
*376 The plaintiff being, as assignee of the account, a real party in interest, the action was, under the 25th section of the code, properly brought in his name. And he claims that Hubby, Hughes & Co., his assignor of the account, were proper parties defendant; and that, being entitled to bring suit in any county in which any one of the defendants resided or might be summoned, he was, therefore, entitled to sue in Cuyahoga county, in which Hubby, Hughes & Co., his assignors, resided.
After excepting certain enumerated actions, among which the action under consideration is clearly not included, the code (section 53, title 4) provides, that “ every other action must be brought in the county in which the defendant, or some one of the defendants resides, or may be summoned.” And (section 58), “ where the action is rightfully brought in any county, according to the provisions of title four, a summons shall be issued to any other county, against any one or more of the defendants, at the plaintiff’s request.” It is very clear, therefore, that if Hubby, Hughes & Co., the assignors, were defendants, in the sense in which that term is •used in the sections just quoted, then the action was properly brought in Cuyahoga county, and the court had jurisdiction.
But were the assignors of the account defendants in such a sense ? The following are the provisions of the code upon the subject:
Sec. 34. “ All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this title.”
Sec. 35. “ Any person may be made a defendant, who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein.”
Sec. 36. “ Of the parties to the action, those who are united in interest must be joined, as plaintiffs or defendants; but if the consent of one who should have been joined as plaintiff, can not be obtained, he may be made a, defendant, the reason being stated in the petition.”
It is very clear, it seems to us, that the assignors were not *377 necessary parties defendant under the provisions of the 35th section. There is no averment in the petition that the assignors had, or claimed any interest in the centroversy, adverse to the plaintiff. On the contrary, the interest of the assignors was an interest with, and in favor of, their assignee, the plaintiff, by whose recovery of the amount due upon the account assigned, their debt to him would be, so far, discharged. Nor do we see how, on the face of the petition, and taking its allegations as true, the assignors could be held parties “ necessary to a complete determination and settlement of the questions involved in the case.”
By the provisions of the code, the assignee of an account is its legal holder; his title is not a mere equitable title, as before the adoption of the code, but a legal title. He holds it, not with the incidents of inviolability which attach to commercial paper, it is true, but still as its legal holder, and .as such, is, prima facie, its proper representative as against the debtor. True the alleged debtor may dispute his indebtedness on the account; and he may also dispute the fact •of assignment. And developments of this sort, during the progress of the case, may render it proper, and even neces.sary, to bring in the assignors, or other additional parties ; but we think they ought not to affect the question of jurisdiction. When the second indorsee of a negotiable promissory note sues the maker, must the indorser also be made a defendant? Surely this will not be claimed. And yet, it .seems to us, that all the arguments by which it is claimed that the assignor of an account must be made a party, apply with equal force to the case supposed. The maker of the note may also deny the making of the note, or deny the title ■of the plaintiff, by denying the fact of its indorsement; and yet no one would contend that the indorser must be a party, in order to the proper litigation and disposition of the questions thus made by the maker.
By the provisions of the 34th section of the code, “all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs ; ” “ but,” (Sec. 36) “ if the consent of one who should *378 have been joined as plaintiff, can not be obtained, he ma.y be-made a defendant, the reason being stated in the petition.'’ Now, these assignors, in so far as they had any “interest in the subject of the action,” were interested, with the plaintiff,, “in obtaining the relief demanded,” and ought, if made parties at all, to have been made parties plaintiff. True, they might have refused their consent to become plaintiffs, and-then they might have been made defendants, “ the reason, being stated in the petition.” This was not done. But if it had been done, we think it would not have affected the-question. Consent might be withheld for the express purpose of conferring jurisdiction upon a court, whose jurisdiction it is the policy of the law to exclude. And the important question of jurisdiction must not be permitted to turn, upon individual caprice, or fictitious and colorable arrangements. It seems to us, that the words “ defendant ” and- “ defendants,” as employed in those sections of the code to-which reference has been made, in so far as they affect the-question of jurisdiction, must be held to mean not nominal defendants merely, but parties who have a real and substantial interest adverse to the plaintiff, and against whom substantial relief is sought; and that to hold otherwise, would:, open wide a door to all sorts of colorable devices, to defeat the policy of the law in respect to jurisdiction — devices difficult to detect, but oppressive and wrongful in their practical operation.
These views are analogous to those adopted by the court,, on great consideration, in the determination of the case of Hadley v. Dunlap, 10 Ohio St. Rep. 1; and to the holding of this court in Hutchison v. Hutchison, decided at the December term, 1859, but never reported; in which, on a question arising under the act of March 23, 1850, “ to improve-the law of evidence,” and the amendatory act on that subject, of March 28, 1851 (Curwen’s Stat. Vol. 2, pp. 1522, 1597), providing that “ a party, etc., may be examined a.s a witness-by the adverse party, or by either one of several adverse parties ” — it was held, that the character of a party, as adverse or otherwise, was to b.e determined, not by his position upon-' *379 the docket, or in the title of the cause, but by reference to his relations, as shown by his interests involved in the case.
The defendant, Miller, embraced the first occasion which offered, to-wit: in his answer, to assert his objection to the jurisdiction of the court, nor did he waive that objection by any subsequent act on his part, as the defendant did in Evans v. Iles, 7 Ohio St. Rep. 233.
We think the common pleas was right in dismissing the ease, and its order and judgment are, therefore, affirmed.
Scott, C.J., and Sutliee, Peck and Gholson, JJ., concurred.