## Case No. 4,829.

FISK v. UNION PAC. R. CO. et al.

[8 Blatchf. 299.][1]

Circuit Court, S. D. New York. March 24, 1871.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Edwin W. Stoughton and David Dudley Field, for plaintiff.

James Emott, for defendants.

BLATCHFORD, District Judge. As to the motion to take from the files the bill in equity, "because one Davis is named as a party defendant therein who is not a party to the action commenced in the state court and removed to this court." This motion must be granted, in any aspect of the case. If the entire suit, as to all the defendants named as such in the original summons in the state court, was removed into this court, in August, 1868, it was not so removed as to Davis, because he was not named as a defendant in such original summons, nor does his name appear as that of a defendant in the suit, in any of the papers, until the 23d of March, 1869. If the suit is not removed as to any defendant until such defendant petitions the state court for the removal of the cause, then this suit is not removed as to Davis, for the reason that he never has petitioned for such removal.

As to the motion to take the declaration from the files, "on the ground that it

does not include or name as defendants to the action which it purports to commence all the persons who are defendants to the original action, and because it does not conform to the form of the action in the state court." This motion is denied. The allegations contained in the declaration are, in substance, contained in the original complaint in the state court, and the relief asked in the declaration, on such allegations, is relief which it would have been proper for the state court to grant in the suit on such allegations, against such of the defendants as should have been found to be liable thereon. Only such defendants as are sought to be made liable on such allegations are made defendants in such declaration. On the allegations in the declaration the plaintiff asks for such relief as is properly grantable in this court only in a suit at law.

As to the motion "that the plaintiff be ordered to elect whether he will proceed at law or in equity, by declaration or bill, to discontinue all other proceedings than those which he shall elect, and to continue one suit or action only against the defendants originally sued by him in the state court." This motion is denied. In addition to proceeding with his suit at law in this court by such declaration, he may proceed in this court at the same time by bill in equity, for what is properly equitable relief, founded on allegations to be contained in such bill, in substance the same as allegations contained in the original complaint in the state court.

As to the motion "that the order to answer said bill and rule to plead to said declaration be vacated." The motion that the order to answer the bill be vacated is granted. The motion that the rule to plead to the declaration be vacated is denied, and the defendants are granted thirty days from the service of a copy of the order to be entered hereon to plead or demur to said declaration.

An order will be entered in conformity with the foregoing decisions.