### Case No. 3,583.

### DART et al. v. McKINNEY.

[9 Blatchf. 359.] [1]

Circuit Court, S. D. New York. Jan. Term, 1872.

REMOVAL OF CAUSES—TIME OF REMOVAL—PRACTICE AND FORMS.

1. A judgment was rendered, in a state court, on the report of a referee, in favor of the plaintiff, against two defendants. The judgment was reversed, and a new trial was granted. After that, one of the defendants, before another trial, applied to the state court, under the act of July 27, 1866 (14 Stat. 306), for the removal of the suit, as against him, into this court. The state court ordered the removal, holding that the case stood for trial as if no former trial had occured. The plaintiff then moved, in this court, that the cause be remanded to the state court: *Held*, that, as the act gave the right of removal "at any time before the trial or final hearing of the cause," the cause was properly removed.

[Cited in Kellogg v. Hughes, Case No. 7,662; Fisk v. Henarie, 32 Fed. 425.]

2. Form of the order of this court, on the filing of the papers from the state court.

3. In the case of a removal, by one of two defendants, under the said act of 1866, after the cause is at issue, in the state court, on pleadings, there is no need of any new pleadings in this court, provided they are in a proper shape for a trial, as between the plaintiff and such defendant.

[Cited in McCallon v. Waterman, Case No. 8,675.]

[Suit by James Dart and Charles J. Osborn against Andrew McKinney. On motion to remand.]

Starr & Ruggles, for plaintiffs.
Eldridge & Johnson, for defendant.

BLATCHFORD, District Judge. This case was, I think, properly removable to this court, as against the defendant McKinney, under the act of July 27, 1866 (14 Stat. 306). The right of removal is given "at any time before the trial or final hearing of the cause," not "at any time before a trial or final hearing of the cause." The judgment which the state court rendered in favor of the plaintiffs, on the report of the referee, on the trial which was had, was reversed, and a new trial was granted. The state court, in its decision granting the removal of this cause, as against McKinney, says, that the former trial was adjudged a mistrial, and that the case now stands for trial, as if no former trial had occurred. This being so, the case was a removable one, under the act of 1866, as against McKinney. The motion to remand it must, therefore, be denied.

The order that the cause "proceed in this court, the same as if it had been originally brought herein," ought to be modified, so as to provide, that the cause proceed in this court, against McKinney, in the same manner as if it had been brought in this court by original process against McKinney.

By the act of 1866, the copies of all pleadings in the state court, filed or entered by McKinney in this court, have the same force and effect, in every respect, and for every purpose, as the original pleadings would have had, by the laws and practice of the state court, if the cause, as against McKinney, had remained in such state court. There is, therefore, no need of any new pleadings in this court, provided they are in a proper shape for a trial as between the plaintiffs and McKinney. I think they are in such shape. The motion to set aside the rule to declare is, therefore, granted.

---

DARTON (UNITED STATES v.). See Case No. 14,919.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

7 FED. CAS.—1