Johnson, J.
1. The judgment in favor of the plaintiffs was rendered upon a constructive service.
The notice given by the defendant to open up such judgment was directed to, and served upon the firm of Kirk-wood, Kirkpatrick & Rose, and not upon Pleasant Fitzgerald.
The code, section 75, provides that: “Before the judgment or order shall be opened up, the applicant shall give notice to the adverse parly of his intention to make such application,” etc. If Pleasant Fitzgerald was an adverse party, and as such entitled to notice, then the court erred. By the averments of the petition, Fitzgerald had a claim, or rather a cause of action, sounding in damages against Cross, for a failure to convey an interest in a patent right, to the value of $3,000, in twenty-six counties in Ohio. Kirkwood, Kirkpatrick & Rose, and not Cross, owned the right to these counties, and agreed to convey that interest, which Cross had failed to convey, and, in payment, look to the collection of this claim - that Fitzgerald had against Cross.
In short, Fitzgerald assigned a cause of action, which, it is alleged, he had against Cross, to Kirkwood, Kirkpatrick & Rose, in payment for an interest in a patent right for certain territory named.
Assuming that this cause of action was assignable, and that the allegations of the petition are true, it follows that Kirkwood, Kirkpatrick & Rose were the real parties in interest, and solely entitled to the proceeds of the judgment, when collected.
Again, upon the allegations of defendant’s additional answer, which was a cross-petition in fact, and the reply thereto by Kirkwood, Kirkpatrick & Rose, it was, by silence, admitted that the firm were the exclusive owners of said claim, and that the action was instigated and prosecuted for their sole benefit.
*449 These facts show that Eitzgerald, in whose name suit was brought for the use of the firm, was a nominal party only, having no interest whatever in the controversy, and that the real party in interest was the firm of Kirkwood, Kirkpatrick & Rose. "Was Eitzgerald, therefore, an adverse-party in the proceedings to open up ?
We think, to constitute a party adverse to the defendant, within the meaning of section 75 of the code, it must be one having a real and substantial interest in the controversy, or at ieast one who is a necessary or proper party to such judgment.
This is no longer an open question in this state. Hadley v. Dunlop, 10 Ohio St. 1; Allen v. Miller, 11 Ohio St. 374; Hutchinson v. Hutchinson, cited in last case; Wolf v. Powner, decided at the present term.
2. It is further alleged as error, that the court allowed this additional answer and cross-demand to be filed, after plaintiffs’ judgment was vacated, the object of which was to-recover for the land sold on the attachment and purchased in for the benefit of Kirkwood, Kirkpatrick & Rose.
It is said this cross-demand did not exist at the commencement of plaintiffs’ action, and was not asserted against Eitzgerald, and that it was neither a counter-claim nor a set-off to the plaintiff’s cause of action.
Conceding this to be so, the record shows that the plaintiffs, Kirkwood, Kirkpatrick & Rose, made no objection to this answer, but joined issue thereon by a reply, and contested the .defendant’s claim before two juries, and afterward prosecuted a writ of error in the district court and afterward in this court, in neither of which is it specially, assigned for error that this cross-action was not a proper counter-claim.
On the contrary, several of the assignments of error are predicated on the charge of the court on this cross-demand, which assumed the defendant’s right to recover something if it was proved. The sole objection was, “that the de *450 fendant could not be entitled to recover in any event,” ■“ and could not proceed to trial of this cause,” because notice toas not given to Fitzgerald of the opening up of the judgment in favor of plaintiff, thus impliedly admitting that if such notice had. been given, there would be no objection.
The court had jurisdiction of the subject-matter of this -cross-demand, and also of the parties to it. After joining 'issue thereon, and having, without objection, had the benefit of a full and, so far as appears, a fair .trial, and after the case comes into this court without assigning this for ■error in the district court or in this court, we chink it clear that it is now too late to complain. It was competent for the court of common pleas to take original jurisdiction by "the mutual consent and submission of the parties; and, render, the circumstances of the case, it will be held to have done so. Wood v. O’Ferrell et al., 19 Ohio St. 427; Fisher v. Richards, 9 Ohio St. 495; Harrington v. Heath, 15 Ohio St. 483; Thomas v. Pemrich, Assignee, 28 Ohio St. 55; Woodward v. Sloan, 27 Ohio St. 592.
Counsel have presented and argued sundry other alleged ■errors.
"We are relieved from an examination of them in detail, for the reason that as to some no timely exception was taken.; as to others, no exception at all was made in the •court below; and because, as to all of them, the bill of ex■ceptions fails to present them in such way as to show there was error to the prejudice of the parties complaining. Adams v. The State, 25 Ohio St. 584; Jones v. Osgood, 2 :Seld. 233; Insurance Co. v. Sea, 21 Wall. 158; Pittsburg, Ft. Wayne and Chicago P. W. Co. v. Probtst, 30 Ohio St. 104; M. & C. R. R. Co. v. Strader, 29 Ohio St. 448; Harvey Adams v. The State, 29 Ohio St. 412; Geauga Ins. Co. v. Street, 19 Ohio, 300.

Judgment affirmed.