Johnson, C. J.,
dissenting. I most respectfully dissent, from the opinion just announced on two grounds.
1. I do not think the plaintiff in error, was a citizen of another state, and as such entitled to a removal to the Circuit Court of the United States.
Although the Erie Railway Company was chartered by the State of New York, and is, as to all causes of action growing out of the exercise of all corporate powers conferred by that state, “ a citizen of another state,” for the purposes of a removal, yet, as the lessee of this road and franchises-of the Atlantic and Great Western Railroad Company, an Ohio corporation, and as to causes of action growing out of the exercise of corporate powers directly derived from the Ohio laws, under said lease, I think it stands in the shoes-of the lessor.
The reasons for this conclusion are given in my dissent in the B. & O. R. R. Co. v. Gary, 28 Ohio St. 216, and need not be repeated.
Since that dissent was written, the Court of Appeals of Virginia have unanimously affirmed the doctrine there-claimed, and have indorsed that dissent with their approval.
That court holds : That “ wffiere a railway company, incorporated by another state, leases a railroad lying in this-state, and operates it as owner, and an injury occurs on said road, the person having a right of action for such injury may sue in the courts of this state, and such company has no right to remove the suit to the federal court. B.
O. R. R. Co. v. Wightman (Va. L. J., p. 175, December, 1877; see also McGregor v. Erie R. W. Co. 35 N. J. (6 Vroom, 115.)
2. The second ground of dissent is, that the record shows-an abandonment of the purpose to remove the cause, and. a consent of the company to again submit the cause to the-state court.
The record shows that, after the petition and bond were-filed, the company utterly failed and neglected to perfect *478 Hie removal to the circuit court, by filing copies of the papers, as required by act of congress ; and after the time had ■elapsed for so doing, waived its right to such removal by a trial of the case without objection.
That a party possesses the power to abandon his purpose to remove his cause, after petition and bond filed, either by .a withdrawal of the papers filed for that purpose, or otherwise, can not be successfully disputed.
That he possesses equal power to waive his' right in an .action pending, as well after he has filed his petition and "bond for a removal as before, seems to me to be too clear for argument.
It is a personal right, which may be waived as each case .arises, at the option of the non-resident citizen.
This was expressly decided in Insurance Company v. Morse, 20 Wall. 451, where it was held that a general waiver :in advance, by a citizen of another state, of his right of removal was void; yet “ in a civil case he may submit his particular suit by his own consent to an arbitration, •or to the decision of a siugle judge. So he may omit to-•exercise his right to remove his suit to a federal tribunal .as often as he sees fit in each recurring case. In these aspects any citizen may, no doubt, waive the rights to which 'he is entitled.”
In Home Ins. Co. v. Curtis, 32 Mich. 402, the defendant, .■a foreign corporation, on the 20th of December, 1873, filed ■.a petition and bond fora removal in proper form, but made no motion for a removal, nor called the attention of the •court to the fact. November 24, 1874, the parties went to trial without objection, and without questioning the jurisdiction of the state court. It was held, all the judges concurring, that “ whatever rights the company may have had upon the filing of the bond and petition, it could waive, and it certainly, under the circum.•stances of this case, must be considered as having waived them.”
“ The company could not go to trial upon the merits, *479 take its chances upon the result, and afterward question the jurisdiction of the court.”
So in The Hanover Nat. Bank v. Smith, 13 Blackford, it was expressly held that a party may waive the right of removal in a particular suit, either by agreement or by conduct, which is equivalent to a waiver.
That a party can waive his right to a removal, as well ■after as before the filing of his petition and bond, has been settled by the unanimous decision of this court in the case of Pollock v. Cohen, in which the opinion is now being prepared, and will soon be reported.
In that case, the plaintiff, after his petition and bond in ■due form had been filed, his motion overruled, and his exception entered, proceeded to trial without further objection, which resulted in a verdict and judgment against him.
He took the case on error to the district court, but, in assigning his errors, omitte<l to assign the overruling of the ■motion to remove as error. On error to this court, it is held, that by his omission he waived the error, and must be deemed to have waived his right of removal.
As the facts in the case at bar make a much stronger case •of waiver than that of Pollock v. Cohen, I am unable to see how the two cases can be reconciled. That there was a waiver in this case, and a full consent to a final trial in the common pleas, is conclusively shown by the record. The notion was commenced June 2, 1870. The petition and bond for removal were filed September 5, 1870.
By the weight of authority no action or order of the state court is required to perfect his right to a removal, and without such action the company might have filed the transcript in the circuit court, and thus perfected a transfer of the case. It could have done this, even if the court had refused to order a removal.
At the October term, 1870, the order of-removal was refused, and exception was noted.
The bond which was filed with the petition, September 5th, was conditioned that the company would, on or before *480 the first ■ day of the next session of the circuit court, file therein copies of the papers, as required by the act of congress.
The next session of the Circuit Court for the Northern District of Ohio commenced on the 1st Tuesday of October, the next on the 1st Tuesday of January, and the next on the first Tuesday of April. The case was finally tried April 26, 1871, so that three terms had passed.
November 9, 1870, an answer was filed, under protest, and issue joined.
At the December term, 1870, without objection, the company, being represented by counsel, and defending, the case was tried to a jury resulting in a verdict and judgment for plaintiff.
The defendant demanded and was allowed a second trial under the.statute upon giving the required undertaking.
This was given January 17, 1871, and the case was again-placed on the trial docket.
At the March term, 1871, to wit, April 26, 1871, which was more than seven months after petition for removal was-filed, and after three next sessions of the circuit court had commenced, without the transcript and copies being filed in the-circuit court, the case was again tried, without objection,, the defendant being present and defending, which resulted in a second judgment for plaintiff.
A motion for a new trial was made on several grounds,. but neither in that motion, nor in arrest of judgment, was any objection made to the jurisdiction of the court.
The motion was overruled, and a bill of exceptions taken on the causes assigned in the motion, but no motion in arrest of judgment was filed.
Error was prosecuted in the district court, where one of the causes assigned was that the common pleas erred in refusing to grant a removal.
• Since the case came into this court, the defendant in error has filed an answer, showing that no papers were- ■ ever filed in the Circuit Court of the United States.
*481 Here we have unmistakable evidence of waiver: The time for transfer had elapsed, when the second trial was obtained at the request of the company. The condition of the bond it had given had been broken by neglect or failure, intentional as we must infer, to perfect the transfer.
Until the papers were filed in the circuit court, that court had no jurisdiction, except by certiorari, or other process, on motion of the company to compel the clerk of the common pleas to certify up the papers.
The case was not then in the circuit court. Its jurisdiction had not attached. The company had abandoned, for the time being at least, the intention to remove, and had concluded to take its chances in the state court. As was said in 32 Michigan, before cited, it could not “ take its chances on the result and afterward question the jurisdiction.”
The act of congress provides that, after petition and bond are filed, the state court can proceed no further in the cause.
This is a provision in favor of the party seeking the removal. It is personal to him, and does not divest the state court of jurisdiction over the subject-matter, but only over the person at his election.
It is said that, after petition and bond filed, all further proceedings of the state court are coram non judice and void. Numerous decisions may be cited to this effect. Is it true, in au unqualified sense ?
The opinion of the majority concedes that it is not, when stress is laid on the fact that the company saved its rights by answering under protest, and by assigning for error in the district court the order of the common pl4as refusing a removal. If all subsequent proceedings were coram non judice, and void, no exception is necessary. If the court has no further power, and if, as some of the dicta are, that “ consent can not give jurisdiction,” then all further pro *482 ceedings are void, whether under protest, or objection, or by consent. The court had jurisdiction over the subject matter. 'It is not within the power of congress to divest it of this, but only of jurisdiction over the person, and that only at his option. Had the company complied with the act of congress, and filed copies of the papers in the circuit, I concede the state court would have been completely ousted of all jurisdiction. Until that was done the jurisdiction of the circuit court did not attach. That is conceded.
Rut, according to the logic of the majority, the case is out of the state court, but notin the circuit court! Where is it?
I concede also, that if a party, after removal is refused, stands on his rights, and continues to contest the case in the state court, and does not waive the question of jurisdiction, hte may, after trial and final judgment, prosecute error on that ground. In such case he can have ample protection — either the state or federal courts. What I deny is, that he can speculate on his chances, after filing his petition and bond, by going to trial without objection, after he has failed to transfer the case, and if he gets defeated, then object to the jurisdiction of the court; but if he succeeds, insist on such jurisdiction.
To have the benefit of the act of congress he should comply with its provisions, as he is free to do, whatever the state court does, and in defiance of any order it may make.
Much stress is laid on certain decisions, where the point now under discussion was not raised or considered, as to the effect, that after petition and bond for a removal have been filed, all further proceedings are coram judice, and, as is said here, “ utterly invalid.”
While this may be, and probably is so, where a party stands on his rights, and complies with the conditions prescribed by the act of congress, it can not be true in case of a waiver of the right to remove.
*483 The case of Hadley v. Dunlap, 10 Ohio St. 1, is a unanimous decision of the supreme court directly in conflict with this theory. In that case, the petition and bond for a removal was filed by the defendant,’ and the motion for such removal was overruled. After this, he answered to the merits reserving his right of removal. Upon final trial judgment was rendered on the merits, against the defendant. He áppealed to the district court, and there renewed his motion for a removal, and the whole ease was reserved for decision in the supreme court.
The syllabus, on that point is: “ Where an .application for the removal of a cause has been improperly overruled by the court of common pleas, such error does not affect the jurisdiction of the court of common pitas so as to render its judgment in the case void. But the application, if renewed in the district court upon appeal, should be granted.”
In considering this point, the learned judge who delivered the opinion (tícott, J.) vigorously combats the doctrine laid down in Gordon v. Longest, 16 Peters, 97 (much relied on in this case), “ that every step subsequently taken in the exercise of jurisdiction is coram nonjudice.” He says: “If we are to understand from this expression that where a state court erroneously declines to certify a cause, and proceeds to trial and final judgment therein, such judgment is not merely voidable for error, but absolutely void for -want of jurisdiction, it would seem to follow7 that no attempted appeal from such void judgment could confer jurisdiction on the district court, and for w7ant thereof we would only direct the case to be stricken from the docket. . . . But as the court of common pleas had unquestioned jurisdiction, both of the parties and the subject-matter of this controversy, prior to and at the time when the defendants moved the court that it might certify it to the federal court, we do not think that an error of judgment in overruling the motion could oust the jurisdiction of the court.”
Again, “ Full jurisdiction having once attached, it must be held to continue until the case is disposed'of, either by *484 certificate or final judgment or decree, however erroneously it may have been exercised.”
This is an emphatic authority that such subsequent proceedings by the state court are merely voidable, and not “ utterly invalid.”
In Eppinger v. Insurance Co., 4 Am. Law Record, 585, the view now contended for was directly affirmed.
That was a decision of Judge Welker (concurred in, it is said, by Justice Swayne), in the Circuit Court for the Northern District of Ohio. Two efforts at removal were made. Of. the first it is said, speaking of the effect of a failure to file copies of the papers in the circuit court: “It would seem from the fact that the'defendant, after having filed the first petition for removal, failed to file copies of the process, etc., in this court, and filed an answer in the state court, and then went to trial on the issue made, as well as the filing of a subsequent petition, affidavit, etc., for removal, in 1874, that it had waived any right to file the 'papers under that petition.”
The second petition for removal was filed February 23, 1874. The first day of the next session of the circuit court was April 7,1874, and copies of the proper papers were not filed until August 26, 1875. After this • petition was filed, and the transfer refused by the state court, the parties proceeded to trial, and judgment was rendered on a verdict against the party seeking a removal. On error to the district court, this judgment was reversed, and then the common pleas granted the order for removal, after which copies of the proper papers were filed in the circuit court. On a motion in the circuit court to dismiss the action, Judge Welker held that it was the duty of the party to comply with the act of'congress, by filing such papers, regardless of the action of the state court: and, by the failure to file the papers in time, the circuit court did not obtain jurisdiction, and therefore struck the case from the docket.
Here the "court of common pleas, as in the case at bar, *485 refused to order a removal, and proceeded to trial and final judgment against the party moving for a transfer. The cases are also alike in the fact that no steps were taken to transfer the ease by filing the papers in the circuit court.
It settles the proposition that the party must comply with the act of congress before the case is transferred from the jurisdiction of the state court.
Most of the cases relied on in support of the opinion in this case simply decide that, the right to have the case removed is perfected by filing the petition' and proper security, not that the case is actually removed.
The first step to a removal is to file the petition and bond. This is a condition precedent to the removal, and not a removal. The removal consists in filing the papers in the circuit court. A party may perform the condition precedent, may perfect his right, and still not exercise it after all. After the right to a removal is perfected, the state court is to proceed no farther without the assent of the mover; but when it appears no removal has taken place within the proper time, the presumption is that the party has abandoned the removal.
In Insurance Co. v. Dunn, 19 Wall. 214, the transfer was completed, and the case was on the docket of the circuit court, and stress is laid on that fact. It is said: “ The cause was out of the common pleas, -and in the circuit court.” Again, “ The conditions precedent having been complied with, the act of congress expressly required the state court ‘ to proceed no further in the suit.’ ” Again, “ It is not denied that the requirements of the act of congress have been fully complied with.”
In Dart v. McKinney, 9 Blatchf. 359; Fish v. The Union P. R. R. Co., 8 Blatchf. 299; Dennistown v. Draper, 5 Blatchf. 336; Osgood v. Ch., D. & V. R. R. Co., 6 Bissell, 332; Ellerman v. The N. O., M. & T. R. R. Co., 2 Wood, 120; French v. May, 22 Wall. 250, and several other cases we have examined, where the doctrine relied on, “ that all proceedings subsequent to the petition and bond are coram non judice,” were cases which had been actually transferred. *486 It is conceded that in such cases the jurisdiction of the state court is ousted.
Our claim is, that when the conditions for removal have not been fully complied with by filing copies of the papers in the circuit court within the time fixed, the proceedings in the state court are only suspended, and may be resumed again by consent of the party moving, or, as I think, it may be resumed without his consent, after it is made to appear that the cause has not been transferred.
I fully agree with the opinion, that “ so long as the plaintiff in error continued to stand upon and assert its right of removal, ... all subsequent proceedings were utterly invalid.” But it is denied that, in this case, the plaintiff in error “ continued to stand upon and assert its rights.” The record shows it had slept upon its rights for several months instead of standing on them with due diligence.
I am aware that numerous dicta, and general remarks of eminent judges, may be cited in support of the propositions, that all proceedings of the state court, after petition and bond are filed for a removal, are “ coram non judice and void,” “ utterly invalid,” etc., and that “ consent can not give jurisdiction ” (per Swayne, J., 19 Howard, 224); but it is believed no carefully adjudicated case can be found, where the point, now under consideration, was decided, that supports the opinion in this case.
That consent can not give jurisdiction over the subject-matter is obvious, but when that axiom is applied to the person of a litigant, in a court having complete authority to hear and determine the subject-matter, it is a gross misapplication of an admitted principle, which is not only unsupported by authority, but in violation of both principle and authority.
All know how unsafe it is to rely on general remarks found in reported cases, not necessary to the decision of the point. Such generalities are dangerous guides, and likely to mislead. It is only when the case in hand requires that the judicial mind shall be concentrated on a given point, *487 that its conclusions should be adopted as evidence of the law, or be entitled to weight.
It is better to be guided by the certain light of sound legal principles, aided by reason and authority, if we wish to reach a correct conclusion.
Note. — Since the foregoing dissent was written, the supreme court has, in the case of the P. R. R. Co. v. Peoples (31 Ohio St. 537), fully affirmed the principle, that a foreign corporation operating a railroad in Ohio, under the laws of this state, derives all its powers and franchises to do so from Ohio laws, and is, as to all acts done under such powers and franchises, a domestic and not a foreign corporation. The opinion in that case fully sustains conclusions reached in the dissent in case of the B. & O. R. R. Co. v. Cary, supra.
Ashburn, J., also dissented.